IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DAVID JAMES WARD, | : | |
| --- | --- | --- |
| | : | 1:10-cv-1228 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| WARDEN JERRY C. MARTINEZ, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

**November 16, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 9), filed on October 29, 2010, which recommends that we dismiss Petitioner David James Ward's Petition for Writ of Habeas Corpus pursuant tp 28 U.S.C. § 2241 for lack of jurisdiction. Petitioner filed objections to the R&R (Doc. 10) on November 9, 2010. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, dismiss the petition for lack of jurisdiction, and close this case.

**I.  PROCEDURAL/FACTUAL BACKGROUND**

Within the petition, Petitioner indicates that he is presently serving a federal sentence, imposed by the United States District Court for the District of New Jersey, pursuant to a July 1996 guilty plea to kidnaping charges.  On January 7, 1007, he was sentenced to seven hundred and twenty (720) months incarceration.

Petitioner contends that, through research, he has recently discovered that the guilty plea he entered "is in fact constitutionally infirm for failure to follow [Fed. R. Crim. P.] 11(c) . . ."  Specifically, Petitioner asserts that (1) he was induced into entering his plea of guilty because he was not fully advised by his attorney of the possible consequences of entering such a plea; (2) the court did not fully advise him of the possible consequences of entering such a plea; and (3) the court did not obtain a factual basis for the charge to support the Petitioner's plea.  In addition, Petitioner claims that he was denied effective assistance of counsel because he was improperly advised with respect to his plea as well as throughout the course of his case.   In his prayer for relief, Petitioner seeks this Court to (1) "vacate judgment and conviction based on them being constitutionally infirm," (2) grant him an evidentiary hearing, and (3) any further relief that the Court deems just and proper.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

Magistrate Judge Mannion recommends dismissal of this petition for lack of jurisdiction because the instant section 2241 petition should have been brought as a section 2255 motion to test the legality of Petitioner's conviction or sentence in the sentencing court – the District of New Jersey. Magistrate Judge Mannion explained that the only way a petitioner may bring a section 2241 petition in the place of a section 2255 motion is by demonstrating that the remedy afforded by a

3

section 2255 motion is inadequate or ineffective to test the legality of his detention. *See Application of Galante*, 437 F. 2d 1164, 1165-66 (3d Cir. 1971); *Millan-Diaz v. Parker*, 444 F. 2d 95, 97 (3d Cir. 1971); *United States ex rel. Leguillou v. Davis*, 212 F. 2d 681, 684 (3d Cir. 1954). To demonstrate that a section 2255 motion is "inadequate or ineffective," a petitioner must show that "some limitation of scope or procedure would prevent a § 2255 proceeding form affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante,* 437 F. 2d at 1165. Moreover, it is the petitioner's burden to demonstrate inadequacy or ineffectiveness, and to be sure, it is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Id*.; *Cagle v. Ciccone*, 368 F. 2d 183, 184 (8th Cir. 1966); *Garris v. Lindsay*, 794 F. 2d 722, 727 (D.C. Cir. 1986). Moreover, section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. Untied States ex rel. Miner*, 290 F. 3d 536, 539 (3d Cir. 2002).

Magistrate Judge Mannion concludes that Plaintiff has made no showing that would entitle him to proceed under section 2241 instead of section 2255.[1] Instead,

---

[1] To be clear, in neither the petition nor within his objections does the Petitioner advance any arguments as to section 2255's inadequacy or ineffectiveness relative to him.

Plaintiff references his own "recent discovery" of certain law that allegedly makes his conviction and sentence constitutionally infirm. However, Petitioner gives no explanation as to why he was unable to make that discovery sooner or raise the arguments in a section 2255 motion to the sentencing court in the District of New Jersey. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. 2009)(Section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence); *Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005)(because petitioner had a reasonable opportunity to raise his claims in a section 2255 motion before the District Court and the Fourth Circuit Court of Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a section 2241 petition).

Further, as Magistrate Judge Mannion notes, early this year, Petitioner filed a section 2241 habeas petition in the District of New Jersey, asserting that his guilty plea was constitutionally infirm. The District of New Jersey dismissed the petition on March 29, 2010, noting that because Petitioner was attacking the legality of his sentence and not events that occurred subsequent to sentencing, his petition should have been brought pursuant to section 2255, not section 2241.[2] The court also

---

[2] The order of the District of New Jersey is reflected at docket number 2:10-cv-418, *Ward v. Martinez*, No. 10-418 (D.N.J. March 29, 2010).

explained that even if the petition was construed as a motion pursuant to section 2255, the motion would be untimely because it was barred by the one-year statute of limitations, and the Petitioner's filing was more than a decade after his sentence was imposed.

Plaintiff's brief objections to the R&R do not change our determination that Magistrate Judge Mannion has come to the correct conclusion concerning the petition. Petitioner simply reiterates his position that his guilty plea contravenes the dictates of Fed. R. Crim. P. 11 (c) and expresses his disagreement with the Magistrate Judge's determination that this Court lacks jurisdiction to hear the petition. Accordingly, we shall overrule the objections.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.